UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RANDALL M. LYNCH,

                          Plaintiff,

    v.                                              9:25-CV-0959
                                                      (GTS/MJK)

JUAN FIGUEROA, et al.,

                          Defendants.
_____

APPEARANCES:

RANDALL M. LYNCH
Plaintiff, pro se
3980
Ulster County Jail
380 Boulevard
Kingston, NY 12401

GLENN T. SUDDABY
Senior United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      The Clerk has sent to the Court for review a complaint submitted by pro se plaintiff Randall M. Lynch asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt.

1

No. 2 ("IFP Application").  Plaintiff, who is incarcerated at Ulster County Jail, has not paid the filing fee for this action.

## II.     IFP APPLICATION

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged."  *Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at *1 (S.D.N.Y. Oct. 26, 2010).[1]  "Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."  *Id*. (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

Upon review, the Court finds that plaintiff has submitted a completed and signed IFP Application which demonstrates economic need.  *See* 28 U.S.C. § 1915(a)(2).  Plaintiff has also filed the inmate authorization form required in this District.  Dkt. No. 3.  Accordingly, plaintiff's IFP Application is granted.

---

[1] Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted.  28 U.S.C. § 1915(g).  Based upon the Court's review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

### III.    SUFFICIENCY OF THE COMPLAINT

#### A.    Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[2]  Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis.  *See id*.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636,

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting

Fed. R. Civ. P. 8(a)(2)).  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id*. (internal quotation marks and alterations omitted).

    **B.**    **Summary of the Complaint**

The complaint asserts allegations of wrongdoing that occurred while plaintiff was incarcerated at Ulster County Jail as a pretrial detainee.  *See generally* Compl.  The following facts are set forth as alleged by plaintiff in his complaint.

Beginning in November 2024, plaintiff "put in multiple request forms for religouse [sic] services, church, bible studies, and worship services."  Compl. at 5.  However, plaintiff was not awarded unidentified "studies" until April 2025, after his submission of multiple complaints, and he only received "3 or 4 services" after this time.  *Id*.  In addition, plaintiff was only visited "maybe ten times" by the facility Chaplain between November 2024 and July 2025 even though "New York . . . minimum standards requires 2 per week[.]"  *Id*.  Plaintiff is also unable to participate in "holidays [sic] services or bible studies because the jail doesn't offer them."  *Id*.

In March 2025, plaintiff "asked to be baptized" but "[t]he jail denied [his request]."  Compl. at 5.  Plaintiff appealed the grievance denial "to Albany[,]" and was "told" by

defendant Grievance Officer Russell that a decision "would be back by mid-April[.]" *Id*. On May 28, 2025, plaintiff received a decision affirming the denial of his grievance. *Id*.

In addition to Grievance Officer Russell, plaintiff names Ulster County Sheriff Juan Figueroa and the Ulster County Sheriff's Office as defendants. Compl. at 1-3.

Liberally construed, the complaint asserts the following claims against the named defendants: (1) RLUIPA claims; (2) First Amendment free exercise claims; and (3) a state law claim based on the violation of New York regulations.

Plaintiff seeks monetary damages and injunctive relief. Compl. at 6. For a more complete statement of plaintiff's claims, reference is made to the complaint.

**C.     Analysis**

Plaintiff brings this action pursuant to Section 1983, which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

6

### 1. Defendants Russell and Figueroa

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'"  *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).

If a defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Instead, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'"  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676 and holding that "there is no special rule for supervisory liability").

In this case, plaintiff's claims are based on allegations that Ulster County Jail officials deprived him of certain religious accommodations.  With respect to defendant Russell, the complaint alleges only that this official failed to facilitate a more prompt response to plaintiff's grievance seeking permission to be baptized, which was denied by "[t]he jail[.]"  Compl. at 5.

The complaint does not include any allegations regarding how defendant Russell may have violated plaintiff's federal rights.  Indeed, it does not appear from the allegations in the complaint that defendant Russell was personally involved in any decision to deny plaintiff access to requested accommodations that he had the discretion to approve.  Rather, it appears from the allegations in the complaint that the denial of the requested religious services was based on either an inability to accommodate those services, or a facility custom, policy, or practice against providing such services.

Furthermore, with respect to defendant Figueroa, it is entirely unclear what role this official may have played in the alleged deprivations that plaintiff suffered.  Plaintiff does not, for example, allege that this official was responsible for the religious services provided at the facility, or aware that the religious services sought by plaintiff were not provided to him.  Nor does the complaint allege that this official was responsible for any sort of policy, practice, or custom that resulted in the denial of the services sought by plaintiff.

Accordingly, plaintiff's claims against defendants Russell and Figueroa are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[3]

---

[3] Plaintiff's RLUIPA claims against these officials are also dismissed because municipal employees are not the direct recipient of federal funds, and the statute therefore cannot be interpreted in a manner that would permit suit against a municipal employee in his or her individual capacity.  *See Barnett v. Short*, 129 F.4th 534, 542-43 (8th Cir. 2025).

### 3. Claims Against Ulster County Sheriff's Office

#### a. Legal Standard Governing Municipal Liability

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); *In re Dayton*, 786 F. Supp. 2d 809, 818 (S.D.N.Y. 2011); *see also Lukes v. Nassau Cnty. Jail*, No. 12-CV-1139, 2012 WL 1965663, at *2 (E.D.N.Y. May 29, 2012) (dismissing claims against defendant Nassau County Jail because it "is an administrative arm of Nassau County, without a legal identity separate and apart from the County"). Since Ulster County Sheriff's Office is an administrative arm of Ulster County, without a legal identity separate and apart from the County, it lacks the capacity to be sued. However, in deference to plaintiff's pro se status, the Court will consider whether plaintiff has stated constitutional claims against Ulster County, which is the real party in interest. *See Solis v. Cnty. of Westchester*, No. 94-CV-5102, 1995 WL 14072, at *1 (S.D.N.Y. Jan.10, 1995) (noting that the Westchester County Department of Corrections is not a legal entity and that the County of Westchester is the real party in interest); N.Y. County Law § 51 ("Actions or proceedings by or against a county shall be in the name of the county.").

Municipal liability is limited under Section 1983 by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). In *Monell*, the Supreme Court found that municipal liability existed "where that organization's failure to train, or the policies or customs that it has

9

sanctioned, led to an independent constitutional violation." *Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006). Thus, to successfully state a claim for *Monell* liability, a plaintiff must "make factual allegations that support a plausible inference that the [alleged] constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's governing authority or the act of a person with policy making authority for the municipality." *Missel v. Cnty. of Monroe*, 351 Fed. App'x 543, 545 (2d Cir. 2009) (citing *Vives v. City of N.Y.*, 524 F.3d 346, 350 (2d Cir. 2008)). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 36 (2010) ("[I]n *Monell* the Court held that 'a municipality cannot be held liable' solely for the acts of others, e.g., 'solely because it employs a tortfeasor.'" (quoting *Monell*, 436 U.S. at 691)).

### b. Legal Standard Governing RLUIPA Claims

RLUIPA affords prison inmates certain protections relative to exercising their religious beliefs, and provides, in pertinent part, that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of a burden on that person-
>
> (1) is in furtherance of a compelling governmental interest; and
>
> (2) is the least restrictive means of furthering that compelling governmental interest.

10

42 U.S.C. § 2000cc–1(a).

Although "RLUIPA does not authorize claims for monetary damages against state officers in . . . their . . . individual capacities[,]" *Holland v. Goord*, 758 F.3d 215, 220-22 (2d Cir. 2014), several courts have held that the statute does not bar claims for money damages against a municipality. *See Clark v. City of New York*, 560 F. Supp. 3d 732, 740 (S.D.N.Y. 2021) (collecting cases, including *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 289-90 (5th Cir. 2012)).

### c. Legal Standard Governing Free Exercise Claims

The First Amendment to the United States Constitution guarantees the right to free exercise of religion. *See* U.S. Const. amend. I; *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005). As is true with regard to the First Amendment generally, the free exercise clause applies to prison inmates, subject to appropriate limiting factors. *See Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (holding that "[p]risoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause" (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

"[A]n inmate does not need to establish a substantial burden in order to prevail on a free exercise claim under § 1983." *Kravitz v. Purcell*, 87 F.4th 111, 125 (2d Cir. 2023). "In the prison context, however, 'the right to free exercise of religion' is balanced against 'the interests of prison officials charged with complex duties arising from administration of the penal system.'" *Kravitz*, 87 F.4th at 127-28 (quoting *Benjamin v. Coughlin*, 905 F.2d 571, 574

(2d Cir. 1990)). Thus, "an infringement of the free exercise of religion [may be] permissible . . . if it is 'reasonably related to legitimate penological interests.'" *Id*. (quoting *Benjamin*, 905 F.2d at 574).

"[T]o assess a free exercise claim, a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers legitimate penological objectives." *Kravitz*, 87 F.4th at 128 (alterations adopted) (quoting *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988)).

### d. Analysis

At this stage of the proceeding, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, plaintiff's RLUIPA and free exercise claims against Ulster County, as the real party in interest, survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

Insofar as the complaint asserts any claims against the Ulster County Sheriff's Office, those claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) because the entity lacks the capacity to be sued.

### 5. State Law Claim

In this case, the complaint alleges that plaintiff was only visited "maybe ten times" by the facility Chaplain between November 2024 and July 2025, even though "New York . . . minimum standards requires 2 per week[.]" Compl. at 5.

As an initial matter, the Court is not aware of any New York statute, regulation, or rule that applies to religious accommodations at county facilities. Moreover, it is entirely unclear from the allegations in the complaint (1) what services or accommodations plaintiff believes he was required to receive at least twice each week, (2) the reason(s) provided to plaintiff for denying such services or accommodations, or (3) whether the unidentified statute, regulation, or rule gives rise to a private cause of action.

In light of the pleading deficiencies with respect to this claim, the Court is also unable to evaluate whether or not it should exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c).

Accordingly, plaintiff's state law claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**.[4]  The Clerk shall provide the superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 3), and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk shall provide a copy of plaintiff's authorization form (Dkt. No. 3) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the Clerk shall add Ulster County to the docket as a defendant in place of the Ulster County Sheriff's Office; and it is further

**ORDERED** that plaintiff's First Amendment free exercise claim and RLUIPA claim against Ulster County **SURVIVE** sua sponte review and require a response; and it is further

**ORDERED** that plaintiff's RLUIPA claim seeking money damages against defendants Russell and Figueroa and Section 1983 and RLUIPA claims against Ulster County Sheriff's Office are **DISMISSED with prejudice** as set forth above;[5] and it is further

---

[4] Plaintiff should note that although his IFP Application has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[5] Generally, when a district court dismisses claims in a pro se action sua sponte, the plaintiff will be allowed an opportunity to amend.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011).  Because RLUIPA claims for money damages against municipal employees are barred as a matter of law, and Ulster County Sheriff's Office lacks the capacity to be sued, leave to amend with respect to these claims would be futile.

**ORDERED** that plaintiff's remaining claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;[6] and it is further

**ORDERED** that the Clerk shall **TERMINATE** defendants Figueroa and Russell as parties to this proceeding; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with a copy of the complaint, to the United States Marshal for service upon Ulster County.  The Clerk shall forward a copy of the summons and complaint by mail to the Ulster County Attorney's Office, together with a copy of this Decision and Order; and it is further

**ORDERED** that upon the completion of service, a response to the complaint be filed by Ulster County, or its counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of

---

[6] Should plaintiff seek to pursue any of the claims dismissed without prejudice, he must file an amended complaint.  Any amended complaint, which shall supersede and replace the original complaint in its entirety, must allege claims of misconduct or wrongdoing against each named defendant which plaintiff has a legal right to pursue, and over which jurisdiction may properly be exercised.  Any amended complaint filed by plaintiff must also comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

New York in filing motions.  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court.  **Plaintiff is also required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address; his failure to do so may result in the dismissal of this action**; and it is further

      **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: August 14, 2025
       Syracuse, NY

                                                  Glenn T. Suddaby
                                                  U.S. District Judge