UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RANDALL M. LYNCH,

                         Plaintiff,

                                                   9:25-CV-0959
v.                                         (GTS/MJK)

ULSTER COUNTY, f/k/a Ulster Cnty. Sheriff's Office,

                         Defendant.

_____

APPEARANCES:                                 OF COUNSEL:

RANDALL M. LYNCH, 25-B-3338
    Plaintiff, *Pro Se*
Attica Correctional Facility
Box 149
Attica, New York 14011

SOKOLOFF STERN, LLP                         KIMBERLY H. LEE, ESQ.
    Counsel for Defendant
80 Washington Street – Suite 100
Poughkeepsie, New York 12601

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Randall M.

Lynch ("Plaintiff") against Ulster County ("Defendant") asserting claims under the First

Amendment's Free Exercise Clause and Religious Land Use and Institutionalized Persons Act

("RLUIPA"), is United States Magistrate Judge Mitchell J. Katz's Report-Recommendation

recommending that Defendant's motion to dismiss be granted, and that Plaintiff's Complaint be

dismissed.   (Dkt. No. 24.) The parties have not filed an objection to the Report-

Recommendation, and the time in which to do so has expired.[1]    (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Katz's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Katz employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.    As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.    To those reasons, the Court adds only two brief points.

First, although the Report-Recommendation recommends that the Court strike Exhibits B and C to Defendant's motion (attaching [1] an inmate grievance and response, and [2] an "Incarcerated Lookup" search result), the Court finds no need to do so, because it may simply exercise its discretion to not consider those documents.    The Court agrees with Magistrate Judge Katz that, under the circumstances (in which Defendant is not relying on any purported failure by Plaintiff to exhaust his available administrative remedies), the documents are neither incorporated by reference in, nor integral to, the Complaint.

Second, the Court notes that, generally, in the Second Circuit, courts have found that *Monell*'s requirement of a municipal policy, practice or custom applies not only to claims brought under 42 U.S.C. § 1983 but to claims brought under the Religious Land Use and

---

[1]    When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.    Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a clear error review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.; see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Institutionalized Persons Act ("RLUIPA").  *See, e.g., Matthews v. Akshar,* 25-CV-0767, 2025 WL 2793740, at *3 (N.D.N.Y. Oct. 1, 2025) (Nardacci, J.) (dismissing plaintiff's municipal liability claims arising under RLUIPA for failure to allege an offending Broome County custom, policy or practice); *Valdez v. City of New York*, 11-CV-5194, 2013 WL 8642169, at *20 (S.D.N.Y. Sept. 3, 2013) ("[B]ecause the facts pleaded by Plaintiff are insufficient to allow the Court to draw the reasonable inference that [the City] is liable for the misconduct alleged under any of the theories of municipal liability put forth by Plaintiff, . . . I recommend that the Court dismiss Plaintiff's . . . RLUIPA claims against the City.") (internal quotation marks and citation omitted), *report-recommendation adopted by* 2014 WL 2767201 (S.D.N.Y. June 17, 2014).  In any event, even if a municipality could be vicariously liable under RLUIPA, the Court would find, in the alternative, that the misconduct of Defendant was, at worst, negligent, which is insufficient to state a RLUIPA claim.  *Washington v. Martuscello*, 24-CV-3607, 2025 WL 3034227, at *7 (S.D.N.Y. Oct. 30, 2025) (collecting cases).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 24) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED.**

Dated: May 7, 2026
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
United States District Judge

3